JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Emanuel David Patrick

**DEFENDANTS**

VisionQuest National, LTD.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pima County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David Wesley Cornish, Esquire, 230 S. Broad St.,17th Fl.
Phila., PA  19102, (212) 444-2039

Attorneys *(If Known)*

Deasey, Mahoney & Valentini, LTD.,1601 Market Street,
Suite 3400, Phila., PA  (215) 587-9400, Gerald J.
Valentini, Esquire Michael Rausch Esquire&J.D. Feenane

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   See Attatched   DOCKET NUMBER

DATE

Mar 13, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____ 4400 East Broadway Boulevard, Suite 501, Tucson, AZ  85711 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ See Attached _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☑     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/13/2023__     _____     __58261__
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

*B.*     *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gerald J. Valentini, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __03/13/2023__     _____     __58261__
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**EACH NEWLY REMOVED CASE IS TO BE RANDOMLY ASSIGNED AND THEN LATER CONSOLIDATED WITH THE CASES PENDING BEFORE JUDGE MCHUGH:**

**DeAntwuan Woods v. VisionQuest National, LTD. No. 2:23-cv-00975**

**Mark Westwood v. VisionQuest National, LTD. No. 2:23-cv-00874**

**Raphael Spearman v. VisionQuest National, LTD. No. 2:23-cv-00873**

**Kasaon Murphy v. VisionQuest National, LTD. No. 2:23-cv-00872**

**Hasan Muhamad v. VisionQuest National, LTD. No. 2:23-cv-00871**

**Nyfeis Lighty v. VisionQuest National, LTD. No. 2:23-cv-00870**

**Niajee Cooper v. VisionQuest National, LTD. No. 2:23-cv-00868**

**Darnell Bason v. VisionQuest National, LTD. No. 2:23-cv-000867**

**Johnny Santiago-Rivera v. VisionQuest National, LTD. No. 2:23-cv-00801**

**Marquis Munroe v. VisionQuest National, LTD. No. 2:23-cv-00752**

**Khaleef Jones v. VisionQuest National, LTD. No. 2:23-cv-00751**

**Zahree Isaac v. VisionQuest National, LTD. No. 2:23-cv-00750**

**Jules Williams v. VisionQuest National, LTD. No. 2:23-cv-00749**

**Aaron Pickens v. VisionQuest National, LTD. No. 2:23-cv-00748**

**Keiff King v. VisionQuest National, LTD. No. 2:23-cv-00533**

**Isaiah Wyatte v. VisionQuest National, LTD. No. 2:23-cv-00531**

**Stefan Houser v. VisionQuest National, LTD. No.: 2:23-cv-00508**

**Jose Adorno v. VisionQuest National, LTD. No.: 2:23-cv-00209**

**Ruben Pagan v. VisionQuest National, LTD. No.: 2:23-cv-00206**

**Shawn Holloway v. VisionQuest National, LTD. No.: 2:23-cv-00178**

**Elijah Jason Fletcher v. VisionQuest National, LTD. No.: 2:22-cv-04990**

**Nakeem Coleman v. VisionQuest National, LTD. No. 2:22-cv-04488**

**Daquawan Redmond v. VisionQuest, LTD. No. 2:22-cv-04485**

**Kerry Hudson v. VisionQuest National, LTD. No. 2:22-cv-03956**

**Marcel Emanuel Johnson v. VisionQuest National, LTD. No.: 2:22-cv-03957**

**Coleman v. VisionQuest National, LTD. No. 2:22-cv-01726**

**Highly v. VisionQuest, National, LTD. No.:2:22-cv-01997**

**Valentine v. VisionQuest, National, LTD.  2:22-cv-01998**

**Per Judge Sanchez's April 29, 2022 and December 9, 2022 Orders the below cases have been consolidated:**

1. *Barron v. VisionQuest National, LTD*, No. 2:21-cv-04801-GAM

2. ~~*Rivers v. VisionQuest National, LTD*, No. 2:21-cv-04928-PD,  DISMISSED~~

3. *Gregory v. VisionQuest National, LTD*, No. 2:21-cv-04929-HB,

4. ~~*Harris, III v. VisionQuest National, LTD*, No. 2:21-cv-04938-JMY~~,

5. *Meyer v. VisionQuest National, LTD*, No. 2:21-cv-04940-GEKP

6. *Boxley v. VisionQuest National, LTD*. No. 2:22-cv-00380-GEKP

7. *Vazquez v. VisionQuest National, LTD*. No. 2:22-cv-00410-KSM

8. *Wallace v. VisionQuest National, LTD*. No. 2:22-cv-00411-MSG

9. *Pitts v. VisionQuest National, LTD*. No. 2:22-cv-00680-AB

10. *Foster s v. VisionQuest National, LTD*. No. 2:22-cv-00682-JDW

11. *Herd v. VisionQuest National, LTD*. No. 2:22-cv-00976-AB

12. ~~*Shields v. VisionQuest National, LTD*. No. 2:22-cv-00981-JS  DISMISSED~~

13. ~~*Mincy v. VisionQuest National, LTD*. No. 2:22-cv-01047-JHS   DISMISSED~~

14. *Hayes v. VisionQuest National, LTD*. No. 2:22-cv-01264-NIQA

15. *Nakeem Coleman v. VisionQuest National, LTD. No.* 2:22-cv-04488

16. *Daquawana Redmond v. VisionQuest National, LTD.* 2:22-cv-04485

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Emanuel David Patrick | CIVIL ACTION NO. |
| v. | |
| VisionQuest National, Ltd. et al. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x  )

| | | |
|---|---|---|
|  03/13/2023  | | VisionQuest National Ltd. |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
|  (215) 587-9400  | (215) 587-9456 | gvalentini@dmvlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMANUEL DAVID PATRICK | CIVIL ACTION |
| v. | NO. |
| VISIONQUEST NATIONAL, LTD. | |

***NOTICE OF REMOVAL OF DEFENDANT***
***VISIONQUEST NATIONAL, LTD.***

Defendant, VisionQuest National, LTD., by its attorneys, Deasey, Mahoney & Valentini, LTD., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Chester County, Pennsylvania, No. 2023-00139-TT, pursuant to 28 U.S.C. §1441 et seq. and in support thereof states as follows:

1.    On January 6, 2023, Plaintiff commenced this action by filing a Writ of Summons against VisionQuest National, LTD. in the Court of Common Pleas of Chester County, Pennsylvania ("the Chester County Action").  A copy of that Writ is attached as Exhibit "1."

2.    On February 16, 2023 Plaintiff filed his Complaint against VisionQuest National, LTD. in the Chester County Action.  A copy of that Complaint is attached as Exhibit "2."

3.    This Notice is being filed within thirty days after VisionQuest National, LTD. received Plaintiffs' Complaint, and within one year of the institution of Plaintiff's suit, in compliance with 28 U.S.C. §1446(b).

4.    In his Complaint, Plaintiff alleges that he is an adult individual and a resident of the Commonwealth of Pennsylvania, and upon information and belief, after reasonable investigation, Plaintiff is a domicile of Pennsylvania. (See Exhibit 2, ¶ 5).

1

5.     VisionQuest National, LTD. is a corporation organized and existing under the laws of the State of Arizona and its corporate headquarters office is located at 600 North Swan Road, Tucson, Arizona 85711-2102.

6.     Plaintiff further alleges in his Complaint that VisionQuest National, LTD maintains Pennsylvania corporate headquarters located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania. (See Exhibit 2, ¶ 6).

7.     However, while VisionQuest previously maintained a facility located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania, that facility closed in September 2015, and has remained closed ever since that time.  At no time since September 2015 did VisionQuest National, LTD. maintain a corporate headquarters in Downingtown, Pennsylvania. See a copy of the affidavit of Yousef Awwad, attached as Exhibit "3".

8.     In this action, Plaintiff seeks damages as a result of alleged harm caused to Plaintiff by the actions of Defendants employees, agents, staff and/or volunteers. (See Exhibit 2, ¶ 8).

9.     In Count I of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

10.     In Count II of his Complaint in the Chester County action, Plaintiff alleges that he sustained damages as the direct and proximate result of the carelessness, negligence, and/or recklessness of Defendant VisionQuest National, LTD.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for

all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

11.     In Count III of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently supervised its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

12.     In Count IV of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently hired and retained its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

13.     In Count V of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for negligent infliction of emotional distress upon Plaintiff. In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

14.     In Count VI of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for intentional infliction of emotional distress upon Plaintiff. In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

15.     Since the amount in controversy in this case is in excess of $75,000, and because Plaintiff and VisionQuest National, LTD. are domiciliaries of different States, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332.

16.     This action may be removed to this Court by VisionQuest National, LTD. pursuant to 28 U.S.C. §1441(a) in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and in that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

17.     VisionQuest National, LTD. has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d), by filing this Notice of Removal with the Court of Common Pleas of Chester County and by giving written notice to counsel for Plaintiff.  A copy of the Praecipe to File Notice of Removal as filed by VisionQuest National, LTD., is attached as Exhibit "4".  A copy of the Notice to Plaintiff, given by VisionQuest National, LTD., is attached as Exhibit "5".

**WHEREFORE**, Defendant VisionQuest National, LTD. respectfully requests that the Chester County action be removed to this Court.

                                    **DEASEY, MAHONEY & VALENTINI, LTD.**


                        BY:_____
                                    GERALD J. VALENTINI, ESQUIRE
                                    MICHAEL P. RAUSCH, ESQUIRE
                                    J.D. FEENANE, ESQUIRE
                                    Attorneys for Defendant,
                                    VisionQuest National LTD.
                                    1601 Market Street, Suite 3400
                                    Philadelphia, PA  19103
                                    (215) 587-9400/(215) 587-9456 – fax
Date:   March 13, 2023                    gvalentini@dmvlawfirm.com

4

# EXHIBIT "1"

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

<u>CHESTER</u>  County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |
| | **2023-00139-TT** |

*Filed and Attested by PROTHONOTARY 06 Jan 2023 08:51 PM M. Azcona*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**

| ___ Complaint | ✔ Writ of Summons | ___ Petition |
|---|---|---|
| ___ Transfer from Another Jurisdiction | | ___ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **EMANUEL  PATRICK** | **VISIONQUEST NATIONAL, LTD** |

| Are money damages requested?  ___ Yes  ✔ No | Dollar Amount Requested:  ___ Within arbitration limits |
|---|---|
| | (check one)  ✔ outside arbitration limits |

| Is this a Class Action Suit?  ___ Yes  ✔ No | Is this an MDJ Appeal?  ___ Yes  ✔ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: David Wesley Cornish

___ Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:**   Place "X" to the left of the <u>ONE</u> case category that most accurately describes your *PRIMARY CASE.*

If you are making more than one type of claim, check the one that you consider most important.

**TORT***(do not include Mass Tort)*
- ✔ Intentional
- ___ Malicious Prosecution
- ___ Motor Vehicle
- ___ Nuisance
- ___ Premises Liability
- ___ Product Liability*(does not include mass tort)*
- ___ Slander/Libel/Defamation
- ___ Other:

**MASS TORT**
- ___ Asbestos
- ___ Tobacco
- ___ Toxic Tort - DES
- ___ Toxic Tort - Implant
- ___ Toxic Waste
- ___ Other:

**PROFESSIONAL LIABILITY**
- ___ Dental
- ___ Legal
- ___ Medical
- ___ Other Professional

**CONTRACT***(do not include Judgments)*
- ___ Buyer Plaintiff
- ___ Debt Collection: Credit Card
- ___ Debt Collection: Other
- ___ Employment Dispute:
- ___ Discrimination
- ___ Employment Dispute: Other
- ___ Other

**REAL PROPERTY**
- ___ Ejectment
- ___ Eminent Domain/Condemnation
- ___ Ground Rent
- ___ Landlord/Tenant Dispute
- ___ Mortgage Foreclosure: Residential
- ___ Mortgage Foreclosure: Commercial
- ___ Partition
- ___ Quiet Title
- ___ Other:

**CIVIL APPEALS**

Administrative Agencies
- ___ Board of Assessment
- ___ Board of Elections
- ___ Dept. of Transportation
- ___ Statutory Appeal: Other
- ___ Zoning Board
- ___ Other:

**MISCELLANEOUS**
- ___ Common Law/Statutory Arbitration
- ___ Declaratory Judgement
- ___ Mandamus
- ___ Non-Domestic Relations
- ___ Restraining Order
- ___ Quo Warranto
- ___ Replevin
- ___ Other:

*2023-00139-TT*

**Chester County**
**Court of Common Pleas**
**Cover Sheet**

| Docket No: |
| --- |
| **2023-00139-TT** |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
| --- | --- |
| **EMANUEL PATRICK**<br><br>8421 GARTNER STREET    DETROIT, MI  48209 | (Name, firm, address, telephone and attorney ID#)<br><br>**David Wesley Cornish**<br><br>(215) 990-8686 Cornerstone Legal Group attorney ID#: 310865<br><br>230 South Broad Street, 17th Floor, Philadelphia, PA 19102, US |
| Defendant(s): (Name, Address)<br><br>**VISIONQUEST NATIONAL, LTD**<br><br>4400 EAST BROADWAY BOULEVARD SUITE 501   TUCSON, AZ<br>85711 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ___ Yes ✔ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
| --- | --- |
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

**Arbitration Cases Only**

| Arbitration Date | mm/dd/yyyy |
| --- | --- |
| Arbitration Time | hh:mm:ss |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.
This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2023-00139-TT*

These cover sheets must be served upon all other parties to the action immediately after filing.

Submit enough copies for service.

*2023-00139-TT*



Filed and Attested by
PROTHONOTARY
06 Jan 2023 08:51 PM
M. Azcona

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYL

Emanuel Patrick,

        Plaintiff,

  v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

        Defendant.

CIVIL DIVISION

No.:

**PRAECIPE FOR WRIT OF
SUMMONS**

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group
230 Broad Street, 17th Floor
Philadelphia, PA  19102

Phone: 212-444-2039
Fax: 212-535-7365

*2023-00139-TT*

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

Emanuel Patrick,                                      CIVIL DIVISION

            Plaintiff,                               No.:

    v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

            Defendant.

## PRAECIPE FOR WRIT OF SUMMONS

TO:    OFFICE OF THE PROTHONOTARY

        Kindly issue the Writ of Summons in the above-captioned matter.

                            Respectfully submitted,

                            Cornerstone Legal Group

                            _s/D. Wesley Cornish_____
                            D. Wesley Cornish, Esquire
                            Attorney for Plaintiff

*2023-00139-TT*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Dated: January 5, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Dated: January 5, 2023

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Dated: January 5, 2023

*2023-00139-TT*



*Filed and Attested by*
*PROTHONOTARY*
*06 Jan 2023 08:51 PM*
*M. Azcona*

**IN THE COURT OF COMMON PLEAS, CHESTER COUNTY**
**Fifteenth Judicial District of Pennsylvania**
**West Chester, Pennsylvania**

EMANUEL PATRICK
                        Plaintiff(s)

                                                    CASE NUMBER  2023-00139-TT

                v.

                                                    CIVIL ACTION - LAW

VISIONQUEST NATIONAL, LTD
                        Defendant(s)


**WRIT OF SUMMONS**


**TO:**   VISIONQUEST NATIONAL, LTD


**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.**


**Date:** 01/06/2023                                Debbie Bookman

                                                    **Prothonotary**

                                        **by:**

                                                    **Deputy**


*2023-00139-TT*

# EXHIBIT "2"

| Emanuel David Patrick (Plaintiff), | : | **Chester County Common Pleas Court** |
| v. | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2023-00139-TT** |

## COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Emanuel David Patrick (Plaintiff), | : | **Chester County Common Pleas Court** |
| v. | : | **Civil Division – Jury Trial Demand** |
| VisionQuest National LTD, (Defendant) | : | **No. 2023-00139-TT** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP

| **PA Lawyer Referral Services:** | **Chester County Bar Association** |
| PA Bar Association | Lawyer Referral & Information Service |
| 100 South Street Harrisburg, PA 17108 | 15 West Gay Street, West Chester, PA 19381 |
| Phone (800) 692-7375 | Phone (610) 429-1500 |

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## AVISO

Lehan demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaci6n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci6n. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. LLEVE EST A DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DfNERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA

**Chester County Bar Association**
Lawyer Referral Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

| Emanuel David Patrick (Plaintiff), | : | Chester County Common Pleas Court |
| v. | : | Civil Division – Jury Trial Demand |
| VisionQuest National LTD, (Defendant) | : | No. 2023-00139-TT |

## COMPLAINT

**AND NOW** come the Plaintiff, Emanuel David Patrick, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Holloway brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.    Parties

5. Plaintiff, **Emanuel David Patrick** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.    Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Emanuel David Patrick's Experience*

10. Plaintiff was court-ordered to reside at VisionQuest.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

   a. The events are related and happened from the same staff at the same exact time, in the same location, *Emanuel Patrick v VisionQuest*, 2023-00139-TT and *DeAntwuan Woods v. VisionQuest*, 2023-00140-TT.

   b. Plaintiff was court ordered to live at VisionQuest when he was approximately 17 years old during approximately 2013-2014.

   c. During Plaintiff's residence at VisionQuest he was located part of the time at "VisionQuest".

   d. While at VisionQuest Plaintiff was sexually assaulted by staff, including "**Vivian Alexander**, **Mr. Hill**, and **Mr. Thomas**."

e.   Plaintiff got into a fist fight with another resident, **DeAntwuan Woods**, which lasted for a few minutes when several staff members intervened and restrained both Plaintiff and **DeAntwuan Woods** by using their hands to squeeze both students' throat causing them to choke for air.

f.   Plaintiff was placed into a secluded room with **DeAntwuan Woods**, and staff members began to punch and kick both of them.

g.   **Vivian Alexander** forced Plaintiff to place his mouth **Mr. Hill's** penis.

h.   **Vivian Alexander** forced Plaintiff to continue to perform oral sex on **Mr. Hill**.

i.   **Vivian Alexander** was still forcing Plaintiff to perform oral sex on **Mr. Hill** when, **Mr. Hill** ejaculated into his mouth.

j.   **Mr. Hill** then told Plaintiff to bend over and spread "your ass cheeks".

k.   Plaintiff said "no" to **Mr. Hill's** demand and **Mr. Hill** replied by punching Plaintiff in the face saying "if you want to live you will do as he says".

l.   Plaintiff bent over and **Mr. Hill** forced his penis into Plaintiff's anus.

m.  Plaintiff was bleeding from his rectum and in extreme pain from **Mr. Hill** raping him when he noticed **Mr. Thomas** watching the incident and laughing.

n.   **Mr. Thomas** walked over and put his penis into Plaintiff's mouth.

o.   **Mr. Thomas** forced Plaintiff to perform oral sex on him while **Vivian Hill** was watching both staff members sexually assault Plaintiff.

p.   **Mr. Thomas** ejaculated into Plaintiff's mouth.

q.   After **Vivian Alexander**, **Mr. Hill**, and **Mr. Thomas** were finished sexually assaulting the Plaintiff they took all his clothing and the other students clothing and made them lie isolated and naked.

r.  Plaintiff also saw **DeAntwuan Woods** getting sexually abused during this incident by **Vivian Alexander** and **Mr. Hill**.

15. Specifically, regarding staff member(s) **Vivian Alexander, Mr. Hill, and Mr. Thomas** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

## Count 1 - Respondeat Superior

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; 42 Pa.C.S.A. §§ 6327(a) *et seq*.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

21. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

22. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

23. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

### Count 2 – Negligence

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The damages sustained by Plaintiff Snowden were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following particulars:

a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of sexual abuse conducted by supervisors and administrators;

e. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents despite numerous allegations of such abuse;

f. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

27. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following injuries:

    a.  Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

    b.  Plaintiff was deprived of educational opportunities, by the Defendant and;

28. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following damages:

    c.  Immense on-going embarrassment and humiliation;

    d.  Loss of self-esteem and shame;

    e.  Emotional distress;

    f.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    g.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    h.  Severe mental anguish and trauma;

    i.  Anxiety, depression, nausea and loss of sleep;

    j.  A loss of enjoyment of life;

    k.  A loss of the ability to form relationships and inability to trust others;

    l.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

    m.  Loss of educational opportunities and;

29. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

### Count 3 – Negligent Supervision

30. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

31. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

32. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

33. The staff members' conduct, especially **Vivian Alexander, Mr. Hill, and Mr. Thomas**, in assaulting Plaintiff Snowden, is so outrageous it shocks the conscious.

34. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

35. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

36. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

37. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

38. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

39. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

40. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    n. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    o. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   p. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

   q. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

   r. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

   s. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

   t. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

41. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

### Count 4 – Negligent Hiring and Retention

42. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

43. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or emotional abuse.

44. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

45. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

46. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a.   Failing to conduct a thorough and proper background check of **<u>Vivian Alexander, Mr. Hill, and Mr. Thomas</u>** and other staff members;

    b.   Failing to thoroughly and reasonably investigate **<u>Vivian Alexander, Mr. Hill, and Mr. Thomas</u>** and other staff members' sexual or physical abuse history;

c. Failing to learn of or investigate **Vivian Alexander, Mr. Hill, and Mr. Thomas** and other staff members' history of sexual impropriety with young boys and/or girls and his proclivity to sexual assault young boys and/or girls and/or physical and/or emotional abuse of children;

d. Failing to conduct a thorough and proper interview of **Vivian Alexander, Mr. Hill, and Mr. Thomas** and other staff members;

e. Failing to use due care in the selection of **Vivian Alexander, Mr. Hill, and Mr. Thomas** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f. Failing to use due care in the retention of **Vivian Alexander, Mr. Hill, and Mr. Thomas** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g. Recklessly, negligently and/or carelessly failing to adequately check the background of **Vivian Alexander, Mr. Hill, and Mr. Thomas** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h. Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Vivian Alexander, Mr. Hill, and Mr. Thomas** and other staff and/or teachers for the possibility of being sexual predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 5 – Negligent Infliction of Emotional Distress

47. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

48. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

49. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

50. Defendant had a duty to protect Plaintiff from harm.

51. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 6 – Intentional Infliction Emotional Distress

52. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

53. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

54. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

55. Defendant had a duty to protect Plaintiff from harm.

56. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

57. Defendant and its staff members' conduct was extreme and outrageous.

**WHEREFORE,** Plaintiff Snowden demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: February 14, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: February 14, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: February 14, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: February 14, 2023

# EXHIBIT "3"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:     Gerald J. Valentini, Esquire
         J.D. Feenane, Esquire
Attorney Identification Nos. 58261/319480
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400

ATTORNEYS FOR DEFENDANT,
VISIONQUEST NATIONAL, LTD.

| | | |
|---|---|---|
| EMANUEL PATRICK | : | COURT OF COMMON PLEAS |
| | : | CHESTER COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2023-00139-TT |
| | : | |
| VISIONQUEST NATIONAL, LTD. | : | |
| | : | |
| | : | |
| Defendant, | : | |

## AFFIDAVIT

I, Yousef Awwad, being duly sworn, according to oath, hereby deposes and states:

1.  I am the Chief Executive Officer VisionQuest National, LTD., and have held this position since January 1, 2023.

2.  I am also the Chief Financial Officer of VisionQuest National, LTD., and have held this position since August 30, 2020.

3.  I am familiar with the company's dealings, transactions, facilities and corporate locations.

4.  VisionQuest National, LTD.'s corporate headquarters and principal place of business is located at 600 N. Swan Rd., Tucson, AZ 85711.

5.  VisionQuest National, LTD. does not maintain corporate headquarters or a principal place of business in the Commonwealth of Pennsylvania.

6. VisionQuest National, LTD. previously operated a facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335. However, that facility closed in September 2015 and has not operated since that time.

7. The facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335, did not serve as corporate headquarters or a principal place of business for VisionQuest National, LTD. at any time.

BY _____
YOUSEF AWWAD
CHIEF EXECUTIVE OFFICER AND
CHIEF FINANCIAL OFFICER,
VISIONQUEST NATIONAL, LTD.

Sworn to and subscribed before me
this _13th_ day of _March_ , 20 _23_

_____
NOTARY PUBLIC
My Commission Expires: _6-16-24_



JANA S. CLARK
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION #584753
MY COMMISSION EXPIRES
JUNE 16, 2024

# EXHIBIT "4"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:  Gerald J. Valentini, Esquire
     Michael P. Rausch, Esquire
     J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

| | |
|---|---|
| EMANUEL DAVID PATRICK <br><br> v. <br><br> VISIONQUEST NATIONAL LTD. | COURT OF COMMON PLEAS CHESTER COUNTY <br><br> No. 2023-00139-TT |

<u>**PRAECIPE TO FILE NOTICE OF REMOVAL**</u>

TO THE PROTHONOTARY:

    Kindly file the attached copy of the Notice of Removal, the original of which was filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania on March 13, 2023.  This Notice of Removal was filed pursuant to 28 U.S.C. §1446 (d).

               **DEASEY, MAHONEY & VALENTINI, LTD.**

BY:      _____
             GERALD J. VALENTINI, ESQUIRE

Date: March 13, 2023

**DEASEY, MAHONEY & VALENTINI, LTD.**                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                        *VisionQuest National, LTD.*
      Michael P. Rausch, Esquire
      J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| EMANUEL DAVID PATRICK | COURT OF COMMON PLEAS CHESTER COUNTY |
| v. | |
| VISIONQUEST NATIONAL LTD. | No. 2023-00139-TT |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, a copy of the foregoing Praecipe to File Notice of

Removal was served upon counsel via e-filing.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY:  _____
      GERALD J. VALENTINI, ESQUIRE

Date: March 13, 2023

# EXHIBIT "5"

**DEASEY, MAHONEY & VALENTINI, LTD.**          *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire              *VisionQuest National, LTD.*
     Michael P. Rausch, Esquire
     J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| EMANUEL DAVID PATRICK | COURT OF COMMON PLEAS |
| | CHESTER COUNTY |
| v. | |
| | No. 2023-00139-TT |
| VISIONQUEST NATIONAL LTD. | |

## <u>NOTICE TO PLAINTIFF</u>

TO:    David Wesley Cornish, Esquire
       Cornerstone Legal Group
       230 Broad Street 17th Floor
       Philadelphia, PA 19102

Please take notice that Defendant, VisionQuest National, LTD., has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Chester County pursuant to 28 U.S.C. §1441, et seq.  Also, please take notice that Defendant has filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in the Court of Common Pleas of Chester County.

Copies of this Notice of Removal and Complaint are attached to this Notice and along with this Notice are being served upon you.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY: _____

GERALD J. VALENTINI, ESQUIRE
Counsel for Defendant,

Date: March 13, 2023                    VisionQuest National, Ltd.

**DEASEY, MAHONEY & VALENTINI, LTD.**                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                        *VisionQuest National, LTD.*
      Michael P. Rausch, Esquire
      J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| EMANUEL DAVID PATRICK | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL LTD. | No. 2023-00139-TT |

<u>**CERTIFICATE OF SERVICE**</u>

　　　　I hereby certify that on March 13, 2023, a copy of the foregoing Notice to Plaintiff was

served upon counsel via e-filing.

　　　　　　　　　　　　　　　　**DEASEY, MAHONEY & VALENTINI, LTD.**


BY:　_____
　　　　GERALD J. VALENTINI, ESQUIRE
　　　　Counsel for Defendant,
Date: March 13, 2023　　　　VisionQuest National, Ltd.